UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ORLANDO DIAZ-MORLA, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 12-186-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J.C. HOLLAND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Orlando Diaz-Morla is an inmate previously confined at the Federal Correctional Institution in Manchester, Kentucky.  Proceeding without counsel, Diaz-Morla filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction and the resulting loss of 27 days of good-time credits ("GTC").  [R. 1]  Diaz-Morla also filed motions seeking an exemption from the remainder of administrative remedy process, an expedited ruling on his petition, and permission to supplement his petition with an additional exhibit.  [R. 2-4]   Because Diaz-Morla admitted in his motions that he did not fully exhaust his habeas claims, and because he has failed to provide the Court with his current address, his § 2241 petition will be denied without prejudice.

**I**

On March 26, 2012, Timothy Smart, a Disciplinary Hearing Officer ("DHO") at the prison, found Diaz-Morla guilty of committing a prison offense, and as part of the sanctions imposed, ordered Diaz-Morla to forfeit 27 days of GTC.  [R. 2-1 at 1-5].  Diaz-Morla appealed

that ruling to the Bureau of Prisons ("BOP") Mid-Atlantic Regional Office, alleging that the DHO had violated his substantive and procedural due process rights in several respects. [*Id*. at 6-7]. On July 20, 2012, the Regional Office denied Diaz-Morla's appeal. [R. 2-1 at 8]. On August 5, 2012, Diaz-Morla appealed the Regional Office's denial to the BOP Central Office. [*Id*. at 9]. Twenty-five days later, before a response was due from the Central Office, Diaz-Morla filed this § 2241 petition. Regarding his preemptive filing, Diaz-Morla stated that his appeal to the BOP Central Office was "[s]till pending, Officials are avoiding response." [R. 1 at 2]. Along with his petition, Diaz-Morla contemporaneously filed a motion to be excused from exhausting his administrative remedies, claiming that doing so would be futile because it was a foregone conclusion that the BOP Central Office would not reverse the Regional Office before his September 24, 2012, release date. [R. 3].

On December 12, 2012, the Court granted Diaz-Morla's motion to supplement the petition, but denied his motions seeking a waiver of the administrative remedy process and an expedited ruling. [R. 7]. In that Order, the Court noted that Diaz-Morla had submitted his appeal to the BOP's Central Office on August 5, 2012; that under BOP regulations a response should have been issued within forty days of that date, sixty days if an extension was required; and that because Diaz-Morla had filed his petition before he exhausted his administrative remedies, it was subject to summary denial. [*Id*.]. On December 27, 2012, Diaz-Morla was released from BOP custody,[1] and has not since provided the Court with a current mailing address.

---

[1] See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=59372079+&x=98&y=33 (last visited on March 20, 2012).

II

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the BOP's available administrative remedies before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam). *See also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993). The Supreme Court has explained that administrative remedies must be exhausted "properly," which means going through all steps that the agency requires, obeying all directions and meeting all deadlines set by the administrative rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

In his earlier filing, Diaz-Morla admitted that he filed this proceeding before completing the administrative remedy process. As the Court explained in its Order of December 12, 2012, Diaz-Morla's admitted failure to wait for a response from the BOP Central Office constitutes grounds for summarily denying his petition. *Wesley v. Lamanna*, 27 F. App'x 438, 439 (6th Cir. 2001); *Leslie v. United States*, 89 F. App'x 960, 961 (6th Cir. 2004).

Further, after being released from BOP custody on December 27, 2012, Diaz-Morla has failed to keep the Court advised of his current address. Rule 5.2(d) of the Joint Local Rules of Civil Practice for the Eastern and Western Districts of Kentucky requires "[a]ll *pro se* litigants [to] provide written notice of a change of address to the Clerk and to the opposing party. . . . Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."

A court may dismiss a case without prejudice for want of prosecution when a plaintiff fails to keep the court advised of his current address. Fed. R. Civ. P. 41(b); *White v. City of*

3

*Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002); *Brown v. White*, No. 2:09-cv-12902, 2010 WL 1780954, at *1(E.D. Mich. April 30, 2010) ("*Pro se* litigants have the same duty as counsel to notify the court of a change of address."); *Smith v. Tennessee*, No. 3:08-0766, 2008 WL 5111111, at *1 (M.D. Tenn. Dec. 2, 2008).

When considering whether dismissal of an action is appropriate for failure to prosecute, a district court may consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E. D. Mich. May 27, 2008). Assuming that Diaz-Morla's failure to prosecute this action is not the result of willful neglect, dismissal without prejudice is required. The respondent suffers prejudice when he cannot contact the petitioner in an action which he initiated. As for the third and fourth factors, Diaz-Morla's failure to provide his current address prevents the Court from notifying him of any action, including a warning that his failure to provide a current address will result in dismissal without prejudice. Diaz-Morla's failure to prosecute his case and the inability to contact him precludes any other sanction less drastic than dismissal without prejudice.

Diaz-Morla's habeas claims could impact any term of supervised release that may have been imposed on him at sentencing. If Diaz-Morla wishes to pursue his challenge to his disciplinary conviction, he may file a new § 2241 petition in the district where he is located, but this proceeding will be dismissed without prejudice for the reasons set forth above.

Accordingly, **IT IS ORDERED** that:

1. Orlando Diaz-Morla's petition for writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 14th Day of May, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge